**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT MINEGAR,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES INC. and JOHN DOES 1-5 AND 6-10,<br><br>Defendants. | Civil Action No. 22-02162 (GC) (RLS)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on Defendant Amazon.com Services LLC's Motion for Partial Dismissal of Plaintiff Scott Minegar's First Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] (ECF No. 20.) The Court decides the motion without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

    **A.    FACTUAL BACKGROUND**[2]

Plaintiff was employed by Defendant from December 2020 to March 3, 2021 as a Jam Clearer. (ECF No. 18 ¶ 4.) His essential job duties consisted of unloading packages from trucks

---

[1] The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

[2] On a Rule 12(b)(6) motion, the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

and placing them on Defendant's conveyor belt. (*Id.* ¶ 5.) On February 15, 2021, while carrying out his duties loading packages onto the conveyor belt, Plaintiff experienced a "pop" in his shoulder. (*Id.* ¶ 8.) Plaintiff's supervisor was present and recommended that Plaintiff go for evaluation at AmCare, Defendant's on-site emergency clinic. (*Id.* ¶¶ 10, 12.) AmCare treated the injury with hot and cold packs and placed Plaintiff on "light duty." (*Id.* ¶¶ 13, 14.)

While on light duty, Plaintiff's job consisted of enforcing social distancing amongst Defendant's employees. (*Id.* ¶ 15.) With this accommodation, Plaintiff could perform essential job functions, but he continued to feel significant pain in his shoulder. (*Id.* ¶¶ 16, 17.) Plaintiff received treatment from AmCare on a semi-daily basis, though he allegedly told Defendant that he still felt pain levels of ten out of ten in his shoulder. (*Id.* ¶¶ 19, 20.) Despite this reporting, Plaintiff alleges, "Defendant failed to engage in the interactive process and/or provide reasonable accommodation when Plaintiff's injury proved more severe than the accommodation and treatment already provided could ameliorate." (*Id.* ¶ 22.)

Plaintiff alleges that Defendant denied his repeated requests for treatment from a Workers' Compensation medical provider. (*Id.* ¶ 18.) Finally, on March 2, 2021, Plaintiff told Defendant that if Defendant did not refer him to a Workers' Compensation doctor, he would seek legal representation. (*Id.* ¶¶ 23, 24.) Defendant agreed, and an appointment was scheduled for the following day. (*Id.* ¶¶ 25, 26.)

That same day, March 2, Defendant suspended Plaintiff for two days for property theft. (*Id.* ¶ 27.) The next day, March 3, Plaintiff was diagnosed with Calcific Tendonitis. (*Id.* at ¶ 36, 37.) Later that day, Defendant terminated Plaintiff's employment. (*Id.* ¶ 39.) Plaintiff alleges that Defendant decided to terminate him just days after it learned that he needed an accommodation.

(*Id.* ¶ 43.) Plaintiff alleges that Defendant terminated him instead of offering him a reasonable accommodation or engaging in the interactive process. (*Id.* ¶ 40.)

### B. PROCEDURAL BACKGROUND

On April 13, 2022, Defendant removed this case to this Court from the Superior Court of New Jersey, Law Division, Somerset County. (ECF No. 1 at 1.[3]) Soon after, Defendant moved to dismiss Plaintiff's Complaint under Rule 12(b)(6). (ECF No. 7.) The Court granted the motion for Counts one, two, three, four, and seven, and gave Plaintiff leave to amend the complaint within 30 days. (ECF Nos. 15 & 16.) Plaintiff timely filed the Amended Complaint. (ECF No. 18.) Defendant's second motion to dismiss followed. (ECF No. 20.)

Defendant moves to dismiss Counts I (disability discrimination), II (perception of disability discrimination), III (failure to accommodate), and IV (failure to engage in interactive process) of Plaintiff's Amended Complaint. (ECF No. 18.)

## II. **LEGAL STANDARD**

On a Rule 12(b)(6) motion for failure to state a claim, "a court must 'accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022) (quoting *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008)). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.*

---

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

3

(quoting *Iqbal*, 556 U.S. at 679). Third, the court must determine whether the well-pleaded facts "plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## III. DISCUSSION

### A. NJLAD

Defendants move to dismiss Count One for disability discrimination under the NJLAD. "In employment discrimination cases, New Jersey has adopted the procedural burdenshifting methodology articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973)." *Kelly v. HD Supply Holdings, Inc.*, Civ. No. 14-372, 2014 WL 5512251, at *3 (D.N.J. Oct. 31, 2014).

First, the plaintiff must establish a *prima facie* case for employment discrimination. "To establish a *prima facie* case of disability or perceived disability discrimination, a plaintiff must prove that: '(1) [he was disabled (or perceived to be disabled); (2) [s]he was objectively qualified [to perform the essential functions of the job of the] former position; (3) [s]he was terminated; and (4) the employer sought someone to perform the same work after the plaintiff's discharge.'" *Photis v. Sears Holding Corp.*, Civ. No. 11-6799, 2013 WL 3872519, at *6 (D.N.J. July 25, 2013) (quoting *Simonetti v. Broadridge Fin. Sols., Inc.*, Civ. No. 10-3903, 2012 WL 32931, at *10 (D.N.J. Jan. 5, 2012)); *see also Bell v. KA Indus. Servs., LLC*, 567 F. Supp. 2d 701, 706 (D.N.J. 2008) (stating the elements for a *prima facie* disability discrimination claim under the NJLAD.)[4]

---

[4] "Under the NJLAD and Title VII, the analysis is essentially the same." *Abramson v. William Paterson Coll. of New Jersey*, 260 F.3d 265, 282 n.13 (3d Cir. 2001); *see Syder v. Express Servs., Inc.*, Civ. No. 20-11013, 2023 WL 2674846, at *3 (D.N.J. Mar. 29, 2023) ("Claims brought

4

Second, if a plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate nonretaliatory or non-discriminatory reason for the adverse employment action. *Clowes v. Terminix Int'l, Inc.*, 538 A.2d 794, 805 (N.J. 1988). Third, the plaintiff bears the final burden to demonstrate that the defendant's proffered reason is a mere pretext through evidence that the provided rationale is false or that the real reason for the adverse action was discriminatory or retaliatory animus. *Zive v. Stanley Roberts, Inc.*, 867 A.2d 1133, 1140 (N.J. 2005); *see also Tomasso v. Boeing Co.*, 445 F.3d 702, 706 (3d Cir. 2006) (requiring plaintiff to "point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action" (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994))).

The bar for establishing a *prima facie* case for employment discrimination is low. *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 539 (3d Cir. 2006). But at the pleading stage, the plaintiff need not prove a *prima facie* case. *See Kelly*, 2014 WL 5512251, at *3 (D.N.J. Oct. 31, 2014) (finding plaintiff pled sufficient facts to survive a motion to dismiss because plaintiff plausibly demonstrated that he was fired "under circumstances giving rise to an inference of discrimination"). It is enough that "Plaintiff has alleged facts that *could* sustain a *prima facie* case in discovery." *Cotto v. Ardagh Glass Packing, Inc.*, Civ. No. 18-1037, 2018 WL 3814278, at *3 (D.N.J. Aug. 10, 2018) (emphasis added); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (noting that a discrimination claim may survive a

---

under the NJLAD are generally subject to the same analysis as claims brought under [Title VII]." (citing *Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 498 (3d Cir. 1999); *Lehmann v. Toys R Us, Inc.*, 626 A.2d 445, 452 (N.J. 1993))).

motion to dismiss so long as the plaintiff pleads "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" that the plaintiff can satisfy a *prima facie* case for discrimination); *see also Bell*, 567 F. Supp. 2d at 706 ("'[A]n employment discrimination plaintiff does not need to plead a *prima facie* case of discrimination . . .,' in part because the *McDonnell Douglas* standard is an evidentiary standard, not a pleading standard.") (citation omitted). "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a *prima facie* case because the *McDonnell Douglas* framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a *prima facie* case." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002).

### 1. DISABILITY DISCRIMINATION (COUNT I)

Defendant first argues that Plaintiff's disability-discrimination claim must be dismissed because Plaintiff fails to allege that he could perform the essential functions of his job as a jam clearer,[5] with or without an accommodation. (ECF No. 20-1 at 8.) The Court addressed this in its previous decision:

> To satisfy the second element, Plaintiff must allege that he "(1) has the requisite skill, experience, education, and other job-related requirements of the position [in question], and (2) [he], with or without reasonable accommodation, c[ould] perform the essential functions of that position." *Buskirk v. Apollo Metals*, 307 F.3d 160, 168 (3d Cir. 2002). This element is essential to stating a claim for employment discrimination under the NJLAD because "[t]he NJLAD does not preclude employers from taking adverse employment actions against disabled individuals who are not able to perform the essential functions of their job." *Bertolotti v. AutoZone, Inc.*, 132 F. Supp. 3d 590, 599 (D.N.J. 2015) (quoting *White v.*

---

[5] Plaintiff claims that a jam clearer is tasked with "unloading packages from trucks and placing them on Defendant's conveyor belt." (ECF No. 18 ¶ 5.)

6

*United Parcel Serv.*, Civ. No. 07-2464, 2008 WL 3895784, at *3 (D.N.J. Aug. 4, 2008)).

[(ECF No. 15 at 5.)]

Here, Plaintiff alleges that he "was able to perform all the essential functions of his job, with a reasonable accommodation." (ECF No. 18 ¶ 16.) In fact, Plaintiff was placed on light duty by his supervisor after his supervisor became aware of Plaintiff's injury. (*Id.* ¶¶ 11, 14, 15.) On light duty, Plaintiff enforced social distancing amongst Defendant's employees. (*Id.* ¶ 15.) At this stage, the Court must accept as true Plaintiff's allegations that he performed the essential functions of a jam clearer with an accommodation.

That said, Defendant is correct that Plaintiff's Amended Complaint does not allege that Defendant sought to replace Plaintiff after his discharge.[6] (ECF No. 20-1 at 9-10.) Plaintiff does not confront this argument in his opposition. *See Leisure Pass N. Am., LLC v. Leisure Pass Group, Ltd.*, Civ. No. 12-3375, 2013 WL 4517841, at *4 (D.N.J. Aug. 26, 2013) ("Plaintiff has waived its opposition to this argument by failing to respond to it."). Without alleging that Defendant sought someone to perform the same work as Plaintiff after his termination, Plaintiff fails to state a claim for disability discrimination under the NJLAD. *See Bratek v. TD Bank, N.A.*, Civ. No. 11-3049, 2012 WL 603299, at *5 (D.N.J. Feb. 22, 2012) (dismissing NJLAD discrimination claim in part because the plaintiffs failed to allege that the defendant sought to replace them); *see also Iwanicki v. Bay State Mill. Co.*, Civ. No. 11-01792, 2011 WL 6131956, at *10 (D.N.J. Dec. 7, 2011) (same). Count I is thus dismissed without prejudice.

---

[6] In its prior ruling, the Court noted this same pleading deficiency. (*See* ECF No. 15 at 5 n.5.)

### 2. *PERCEIVED DISABILITY (COUNT II)*

Defendant next argues that Plaintiff's perceived-disability claim must be dismissed because Plaintiff has not alleged that Defendant perceived him to be disabled.

For a perceived-disability claim, "the plaintiff must show that the employer entertain[ed] misperceptions about the [plaintiff], either believing that the individual has a substantially limiting impairment that he or she does not have or that the individual has a substantially limiting impairment when, in fact, the impairment is not as limiting as the employer believes." *Riconda v. US Foods, Inc.*, Civ. No. 19-1111, 2019 WL 4254389, at *4 (D.N.J. Sept. 9, 2019) (quoting *Photis v. Sears Holding Corp.*, Civ. No. 11-6799, 2013 WL 3872519, at *7 (D.N.J. July 25, 2013)) (internal quotations omitted).

In its earlier decision, the Court found that "the Complaint does not state that the employer mistakenly believed that this [] was indicative of a more serious condition" or that "the employer jumped to the conclusion, for example, that the plaintiff would be out of work for an extended period of time." (ECF No. 15 at 7 (quoting *Riconda*, 2019 WL 4254389, at *4).)

Since that decision, little has changed in Plaintiff's allegations. For his part, Plaintiff still relies on allegations that Defendant knew that Plaintiff suffered a shoulder injury, sought treatment at Defendant's onsite emergency clinic, and reported "pain levels of ten out of ten." (ECF No. 18 ¶¶ 8, 10, 20, 21.) But Plaintiff has not cured that pleading deficiency that the Court flagged for him — specifically, that Defendant believed that Plaintiff's injury was indicative of a more serious condition or that Plaintiff would be out of work for an extended period of time. *See Riconda*, 2019 WL 4254389, at *4 ("The Complaint does not state that the employer mistakenly believed that this [Plaintiff's illness] was indicative of a more serious condition. It does not allege that the employer

8

jumped to the conclusion, for example, that the plaintiff would be out of work for an extended period of time.").

Having not changed since the last ruling, the present allegations are not enough to establish that Defendant perceived Plaintiff's injury as a disability. As a result, the Court dismisses Count II without prejudice.

### 3. *FAILURE TO ACCOMMODATE (COUNT III) &FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (COUNT IV)*

The elements of a failure to accommodate claim are "(1) [Plaintiff] was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated." *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006). The same elements apply to a claim for failure to engage in the interactive process. *Victor v. State*, 4 A.3d 126, 145 (N.J. 2010).[7]

Plaintiff alleges that instead of "offering a reasonable accommodation to Plaintiff or engaging in the interactive process, Defendant opted to terminate [his] employment." (ECF No. 18 ¶ 40.) Yet Plaintiff also alleges that Defendant did accommodate him by placing him on light duty. (ECF No. 18 ¶¶ 14-15.) Although Plaintiff alleges in his opposition papers that he worked "approximately two (2) days" of light duty before "Defendant instructed Plaintiff to return to full duty" (ECF No. 22 at 7), this allegation is not in the Amended Complaint. Thus, the Court cannot

---

[7] As in the prior decision, the Court analyzes Counts III and IV together, because claims for "failure to engage in the interactive process and failure to accommodate" are "best analyzed as a single count." *Mickens v. Lowe's Companies, Inc.*, Civ. No. 07-6148, 2010 WL 2682069, at *3 (D.N.J. July 2, 2010) (citation omitted); *see also McQuillan v. Petco Animal Supplies Stores, Inc.*, Civ. No. 13-5773, 2014 WL 1669962, at *6 (D.N.J. Apr. 28, 2014) (analyzing both claims together).

9

consider it on a Rule 12(b)(6) motion. *Kwanzaa v. Tell*, Civ. No. 21-1939, 2022 WL 16756334, at *3 (3d Cir. Nov. 8, 2022) (citation omitted).

In addition, for failure to accommodate claims, courts typically require plaintiffs to plead what accommodations the plaintiffs are seeking, and what specific accommodations or positions are available. *See, e.g., Syder v. Express Servs., Inc.*, Civ. No. 20-11013, 2021 WL 3674345, at *4 (D.N.J. Aug. 18, 2021) (finding that the allegation "[t]here were reasonable accommodations available to allow plaintiff to complete the essential functions of his job" was conclusory). Although Plaintiff here alleges that Defendant previously placed him on light duty, he does not allege that light duty — the same or different — is the reasonable accommodation with which he could have performed the job, or what specific reasonable accommodations were available. (ECF No. 18 ¶ 45.)

Therefore, the Amended Complaint as pled still does not state a claim for failure to accommodate or failure to engage in the interactive process. Counts III and IV are dismissed without prejudice.

## IV. CONCLUSION

For these reasons, and for good cause shown, Counts One, Two, Three, and Four, of Plaintiff's Amended Complaint are **DISMISSED WITHOUT PREJUDICE.** To the extent Plaintiff wishes to do so, Plaintiff shall move to amend the Amended Complaint within thirty (30) days of the entry of the accompanying Order.

Dated: November 20th, 2023

/s/ Georgette Castner
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE